McCORMICK HARVESTING MACHINE COMPANY v. ED REYNOLDS.

FILED NOVEMBER 20, 1901. No. 10,423.

Commissioner's opinion, Department No. 1.

Chattel Mortgage: DESCRIPTION. A chattel mortgage, duly filed for record, which described the property conveyed as "five hundred bushels yellow corn now in pile on ground on Gilman farm, 8 mi. south and 2 mi. west of Wayne, Nebraska," although a greater quantity of corn is in the pile, the corn being of uniform value and quality, *held* not void for insufficient description.

ERROR from the district court for Wayne county. Tried below before ROBINSON, J. *Reversed.*

*O'Neill & Gilbert* and *A. A. Welch,* for plaintiff in error.

*Frank M. Northrop* and *F. W. Burdick, contra.*

Argued orally by *O'Neill, Gilbert* and *Welch,* for plaintiff in error; by *Northrop, contra.*

KIRKPATRICK, C.

This is an action of conversion brought by plaintiff in error in the district court for Wayne county against defendant in error to recover for the value of five hundred bushels of corn. Trial was had to the court, a jury having been waived, which resulted in a finding and judgment for defendant in error. Plaintiff in error brings the cause to this court for review.

The facts in the case, briefly stated, are as follows: One C. K. Rash was indebted to plaintiff in error, and to secure that indebtedness, on the 8th day of January, 1897, executed a mortgage upon five hundred bushels of corn. This mortgage was filed for record in the clerk's office of that county February 1, 1897. Plaintiff in error commenced to haul away the corn, having hauled one load, when defendant in error, who was sheriff of the county, levied upon the remainder of the corn under certain executions, and proceeded to advertise and sell the property, when this suit was brought by plaintiff in error for the conversion of the corn. The sheriff answered by a general denial, and in addition thereto pleaded the recovery of certain judgments against Rash, and the executions in his hands for their satisfaction.

The principal question involved, and, in fact, the only one requiring determination, is whether or not the description in the mortgage was sufficient to charge the sheriff with notice of its existence. The description is as fol-

lows: "Five hundred bushels yellow corn now in pile on ground on Gilman farm, 8 mi. south and 2 mi. west of Wayne, Nebraska." The sheriff contends that there were more than one thousand bushels of corn in the pile on the farm described, and, therefore, the mortgage was void for uncertainty of description. The rule adopted and settled by authority in this state is that announced in *Buck v. Savings Bank*, 29 Nebr., 407: "The description of property in a chattel mortgage will as a rule be held sufficient where it will enable a third party, aided by inquiries which the instrument itself suggests, to identify the property." See, also, *Price v. McComas*, 21 Nebr., 195; *Union State Bank v. Hutton*, 61 Nebr., 571.

Defendant in error, in support of his contention that the mortgage is void for uncertainty of description, cited *Richardson v. Alpena Lumber Co.*, 40 Mich., 203. In that case a mortgage was given on a stated quantity of mixed logs in a drive, and the court held that it was void for uncertainty of description, because it furnished no data for separating the mortgaged logs from the mass. The learned judge writing the opinion made use of the language following, which shows that the holding in that case was not intended to support the contention of defendant in error: "This case, therefore, does not call for an opinion as to what the law would be in a case arising between the mortgagor and mortgagee, where the rights of third parties had not intervened, or in a case where no discrimination could be made in taking a part out of a larger undivided quantity, as grain in a bin or elevator. It is not the intention, therefore, to intimate what the rule would be in such cases." The same court in the later case of *DeGraff v. Byles*, 63 Mich., 25, said: "A mortgage on property described as '25,000 feet of hemlock studding, joist and plank, 12 feet long and upwards, lying on Ganoe's dock,' is not uncertain on its face." The property covered by the mortgage in that case was included in a larger quantity of lumber, but because the lumber was of uniform quality and value, the court held the descrip-

tion in the mortgage sufficient. The supreme court of Kansas, in the case of *Souders v. Voorhees,* 12 Pac. Rep., 526, makes the same distinction, namely, that the mortgage under consideration there was void for uncertainty of description, because it appeared that the corn was not uniform in quality and value. In the case of *Wattles v. Cobb,* 60 Nebr., 403, this court, speaking through SULLIVAN, J., held: "A chattel mortgage on 340 acres of corn, which was part of a growing crop of 425 acres, held void for uncertainty of description, the mortgaged property being neither uniform in quality nor capable of identification."

It is the settled doctrine that a valid sale can be made of an aliquot number of bushels, in a bin of grain, of uniform quality and value. It is a rule equally well settled that replevin will lie for an aliquot part of undivided grain in a bin or a pile, provided the grain is of uniform value and quality. It has also been held by this court that an execution may be levied upon an undivided share of a field of grain. If a certain number of bushels of grain in an undivided bin or pile of grain may be the subject of a voluntary sale, there seems to be no valid reason why it can not be the subject of a valid mortgage. The reason for holding such a description good is so well presented in the case of *Kimberly v. Patchin,* 19 N. Y., 330, 332, that we quote the language of Comstock, J., in deciding that case: "It is a rule asserted in many legal authorities, but which may quite as fitly be called a rule of reason and logic as of law, that in order to [constitute] an executed sale, so as to transfer a title from one party to another, the thing sold must be ascertained. This is a self-evident truth, when applied to those subjects of property which are distinguishable by their physical attributes from all other things, and, therefore, are capable of exact identification. No person can be said to own a horse or a picture, unless he is able to identify the chattel or specify what horse or what picture it is that belongs to him. It is not only legally, but

logically, impossible to hold property in such things, unless they are ascertained and distinguished from all other things; and this I apprehend is the foundation of the rule that, on a sale of chattels, in order to pass the title, the articles must, if not delivered, be designated, so that possession can be taken by the purchaser without any further act on the part of the seller. But property can be acquired and held in many things which are incapable of such an identification. Articles of this nature are sold, not by a description which refers to and distinguishes the particular thing, but in quantities, which are ascertained by weight, measure or count; the constituent parts which make up the mass being undistinguishable from each other by any physical difference in size, shape, texture or quality. Of this nature are wine, oil, wheat and the other cereal grains, and the flour manufactured from them. These can be identified only in masses or quantities, and in that mode, therefore, they are viewed in the contracts and dealings of men. In respect to such things, the rule above mentioned must be applied according to the nature of the subject. In an executed and perfect sale, the things sold, it is true, must be ascertained. But as it is not possible in reason and philosophy to identify each constituent particle composing a quantity, so the law does not require such identification. Where the quantity and the general mass from which it is to be taken are specified, the subject of the contract is thus ascertained, and it becomes a possible result for the title to pass, if the sale is complete in all its other circumstances."

It is the rule that a description of property which will enable a third party, aided by inquiries which the instrument itself suggests, to identify the property, is sufficient. In the case at bar the property was described as five hundred bushels of yellow corn in a pile on the ground at a designated place. It is stipulated by the parties to this case that the corn was of uniform value. The evidence discloses that there was no other pile of corn on the farm to which the description could possibly apply. If the

sheriff had taken a copy of this mortgage and had gone to the farm described in the mortgage, he would have had no difficulty, without making a single inquiry, in finding the exact corn covered by the mortgage. If he desired to levy on the residue, after the five hundred bushels described in the mortgage had been separated from it, he could, by weighing or measuring the corn, have ascertained whether or not there was any corn there subject to levy. The sheriff made no attempt to ascertain whether the corn was mortgaged or not. In fact he had actual notice that it was mortgaged, and this would have been sufficient to put him on his guard, even if the description in the mortgage had been defective. In the case of *Cole v. Green,* 14 Am. St. Rep. [Ia.], 283, it is said: "Though a chattel mortgage may be so defective in its description of the property mortgaged as not to constitute sufficient notice to a purchaser, it will be valid as to a sheriff who has actual notice of the mortgage before levying upon the property."

It follows from what has been said that the trial court erred in holding that the description in the chattel mortgage in suit was void for uncertainty. Other questions are presented by plaintiff in error which need not be considered. It is, therefore, recommended that the judgment of the trial court be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

HASTINGS and DAY, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.